UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABIGAIL C.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 2:23-CV-229-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB"). [1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by incorporating an insufficiently specific sit/stand alternative in Plaintiff's residual functional capacity ("RFC"). Because the ALJ included this vague limitation in the hypothetical presented to the vocational expert ("VE"), this Court cannot determine whether the VE's testimony accurately reflected

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

1   Plaintiff's capabilities. The ALJ's error is, therefore, not harmless, and this matter is reversed

2   and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social

3   Security ("Commissioner") for further proceedings consistent with this Order.

4   **I.      Factual and Procedural History**

5          On May 5, 2020, Plaintiff filed an application for DIB alleging disability beginning June

6   20, 2019, due to chronic migraines, irritable bowel syndrome ("IBS"), unspecified autoimmune

7   disorder, swelling of joints, pleurisy, depression, anxiety, and possible bipolar disorder. Dkt. 7,

8   Administrative Record ("AR") 135–36, 148. Her claim was denied at the initial level and on

9   reconsideration. AR 81–82. Plaintiff requested a hearing before an ALJ, which took place on

10  October 27, 2021. AR 30, 102. Plaintiff was represented by counsel at the hearing. AR 30. On

11  December 14, 2021, the ALJ issued an unfavorable decision. AR 12–25.

12         In his written decision, the ALJ found Plaintiff had the severe impairments of

13  fibromyalgia, depression, migraines, anxiety, obesity, and IBS. AR 18. The ALJ determined

14  Plaintiff had the RFC to perform light work with certain additional restrictions. AR 20. He

15  specified that Plaintiff's "need to change positions from standing or walking to sitting can be

16  accommodated by the occasional sitting involved in light work" and added that Plaintiff "should

17  be permitted to stand and stretch after 30 minutes seated while remaining on task." *Id.* In finding

18  there were a significant number of jobs in the national economy that Plaintiff could perform, the

19  ALJ accepted the VE's hearing testimony that an individual with Plaintiff's limitations could

20  perform "light, unskilled, SVP2"[2] jobs such as a router, general office helper, or non-postal mail

21  clerk. AR 24–25.

22

23  _____

24         [2] "SVP" stands for "specific vocational preparation." SSR 00–4p, 2000 WL 1898704, at *3 (Dec. 4, 2000). An SVP of 2 corresponds with unskilled work. *Id.*

1    The Appeals Council denied Plaintiff's request for review. AR 1–6. Plaintiff appealed to

2    this Court. *See* Dkt. 4.

3    **II.    Standard of Review**

4    When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court

5    may set aside the denial of social security benefits if the ALJ's findings are based on legal error

6    or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211,

7    1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

8    "[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*,

9    674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

10   Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

11   the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

12   1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

13   **III.    Discussion**

14   Plaintiff challenges the ALJ's formulation of the RFC and his evaluation of certain

15   medical opinion evidence. Dkt. 12 at 1. Defendant notes Plaintiff does not challenge the ALJ's

16   finding that her subjective symptom reporting was less than fully credible and has therefore

17   waived her right to do so. *See* Dkts. 12, 18; AR 21; *McKay v. Ingleson*, 558 F.3d 888, 891 n.5

18   (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening

19   brief, it has been waived.").

20   A.  *RFC*

21   Plaintiff first argues that the ALJ erred in articulating the RFC, specifically in crafting the

22   sit/stand limitation. Dkt. 12 at 1, 3. She contends the error resulted in impermissibly vague VE

23   testimony, necessitating remand. *Id.* at 5–6.

24

1        1.   Legal Standards for RFC and Sit/Stand Limitations

2        In determining a claimant's RFC, the ALJ must assess all the evidence in the record to

3   determine the most a claimant can do in a work setting despite their limitations. 20 C.F.R. §§

4   404.1545(a), 416.945(a). "[T]he ALJ is responsible for translating and incorporating clinical

5   findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir.

6   2015). "It is incumbent on the ALJ to make specific findings so that the court need not speculate

7   as to the findings." *Sackett v. Berryhill*, No. 2:17-CV-00223-GWF, 2019 WL 1787337, at *10

8   (D. Nev. Apr. 24, 2019) (citing *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). "An

9   incomplete RFC assessment that fails to accurately describe all of a claimant's limitations cannot

10  be said to be supported by substantial evidence." *Matthew M. v. Comm'r of Soc. Sec.*, No. 3:22-

11  CV-5786-DWC, 2023 WL 3966402, at *3 (W.D. Wash. June 13, 2023) (citing *Ghanim v.*

12  *Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014)).

13        The Social Security Administration recognized in Social Security Ruling ("SSR") 83-12

14  that sit/stand limitations may be necessary to accurately convey a claimant's RFC:

15        In some disability claims, the medical facts lead to an assessment of RFC which is
          compatible with the performance of either sedentary or light work except that the
16        person must alternate periods of sitting and standing. The individual may be able
          to sit for a time, but must then get up and stand or walk for awhile before returning
17        to sitting. Such an individual is not functionally capable of doing either the
          prolonged sitting contemplated in the definition of sedentary work (and for the
18        relatively few light jobs which are performed primarily in a seated position) or the
          prolonged standing or walking contemplated for most light work. (Persons who can
19        adjust to any need to vary sitting and standing by doing so at breaks, lunch periods,
          etc., would still be able to perform a defined range of work.)
20
    1983 WL 31253, at *4 (Jan. 1, 1983).
21
22        When an RFC includes a limitation on sitting and standing, courts in this circuit

23  distinguish between a sit/stand option and a sit/stand alternative. *Dikov v. Soc. Sec. Admin.*, No.

24  3:13-CV-00127-AC, 2014 WL 6085842, at *4 (D. Or. Nov. 13, 2014). A sit/stand option allows

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1   the claimant to sit or stand at will and work in either position. *Buckner-Larkin v. Astrue*, 450

2   Fed. Appx. 626, 627 (9th Cir. 2011); *Aaron G. v. Saul*, No. C19-0246-MAT, 2019 WL 4392494,

3   at *4 (W.D. Wash. Sept. 13, 2019) ("[T]he term 'sit/stand option' . . . refers to the ability to sit or

4   stand at the employee's option, rather than on any set schedule."). By contrast, "a sit/stand

5   alternative . . . involves alternating sitting and standing at distinct intervals." *Lyman M. v.*

6   *Comm'r of Soc. Sec.*, No. C20-5375-MLP, 2021 WL 1611341, at *2 (W.D. Wash. Apr. 26,

7   2021). When an ALJ includes a sit-stand alternative, the ALJ "must specifically define the

8   temporal parameters in the RFC." *Dikov*, 2014 WL 6085842, at *8.

9               2.   Analysis

10          The Court first addresses Plaintiff's argument that the sit/stand limitation in her RFC

11   constitutes a sit/stand alternative rather than a sit/stand option. Dkt. 19 at 2. The limitation

12   included in the RFC—that Plaintiff "should be permitted to stand and stretch after 30 minutes

13   seated while remaining on task"—does not specifically state whether the ALJ intended this

14   limitation to be a sit/stand option or alternative. AR 20. However, the inclusion of a specific

15   interval of time after which Plaintiff could stand and stretch indicates that Plaintiff would not

16   have sole discretion over when she could sit and stand. Because she would not have the ability to

17   sit and stand "at will," the limitation as described by the ALJ would not qualify as a sit/stand

18   option and should be considered a sit/stand alternative.

19          This conclusion is bolstered by SSR 83-12, which explains the reasoning underlying the

20   distinction between a sit/stand option and alternative:

21          There are some jobs in the national economy—typically professional and
             managerial ones—in which a person can sit or stand with a degree of choice. . . .
22          However, most jobs have ongoing work processes which demand that a worker be
             in a certain place or posture for at least a certain length of time to accomplish a
23          certain task. Unskilled types of jobs are particularly structured so that a person
             cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit

24

or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base.

1983 WL 31253, at *4. In *Sackett v. Berryhill*, the Court relied on SSR 83-12 to read an implied at-will element into a limitation that the individual "must periodically alternate sitting and standing" when the VE had identified two "skilled positions with some managerial responsibilities" that the hypothetical individual could perform. 2019 WL 1787337, at *14. The *Sackett* Court found it "noteworthy" that the VE did not state that the individual could perform one of the plaintiff's previous jobs that was light work without managerial responsibilities. *Id.*

Based on the VE's testimony, the ALJ in this case found Plaintiff could perform "light, unskilled" work. This type of work, as SSR 83-12 recognizes, does not ordinarily accommodate a sit/stand option. The VE did not identify any "professional or managerial" roles suited to an individual with Plaintiff's capabilities, and, accordingly, Plaintiff's RFC did not include the type of jobs that would allow her to sit and stand at will. Therefore, unlike in *Sackett*, it is not appropriate to read an implied at-will element into the limitation.

Interpreting the limitation as a sit/stand alternative, Plaintiff further contends the limitation is impermissibly vague because the ALJ failed to include the required specific temporal parameters. Dkts. 12 at 4–5, 19 at 3. In SSR 96-9p, which concerns sit/stand alternatives in the context of unskilled sedentary work, the Social Security Administration explained that "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." 1996 WL 374185, at *7 (July 2, 1996).

Here, the ALJ specified that Plaintiff should be permitted to stand and stretch after 30 minutes seated but did not clarify for how long she could stand and stretch, nor did he analyze any effect of this interval on her ability to "remain[] on task." This limitation does not contain the specifically defined temporal parameters required in a valid sit/stand alternative.

1    Defendant argues that any ambiguity in the sit/stand limitation was harmless because the

2    VE was presented with a hypothetical matching the RFC, expressed no confusion about the

3    limitation, and identified three positions that would allow for the limitation based on her

4    experience. Dkt. 18 at 3–4. However, as Plaintiff points out, although the ALJ included the same

5    phrasing from the RFC in the hypothetical questions to the VE, the omission of a specified

6    length of time for standing and stretching "left a gap in the RFC that the VE was required to

7    fill[]in herself." Dkt. 12 at 5. Defendant's assertion that "[t]he ALJ and the [VE] both understood

8    the plain language of the limitation" does not resolve the problem that the underlying language

9    was ambiguous. Dkt. 18 at 4. Because the VE was presented with a vague hypothetical, the Court

10   cannot determine whether the standing interval assumed by the VE was the same as the standing

11   interval assumed by the ALJ. Therefore, the error was not harmless, and remand is required.

12       B.  *Medical Opinion Evidence*

13       Plaintiff also argues that the ALJ did not properly evaluate the medical opinion of state

14   agency medical consultant Sterling E. Moore, M.D. Dkt. 12 at 6. The ALJ found the opinions of

15   "state agency physicians at initial review and reconsideration," including Dr. Moore, to be

16   "generally persuasive." AR 23. After reviewing the opinions of these sources, the ALJ stated:

17   "These evaluators supported their opinions with their narratives, and they are generally

18   consistent with the remainder of the medical evidence." *Id.*

19       Plaintiff contends the ALJ failed to explain how he considered the consistency factor and

20   made only a conclusory finding on persuasiveness. Dkt. 12 at 8. Regardless of whether the ALJ

21   erred in evaluating this opinion evidence, Plaintiff has not shown any error was harmful because

22   the ALJ incorporated Dr. Moore's opined limitations into Plaintiff's RFC. *See* AR 20, 23, 67–80.

23

24

1    **IV.    Conclusion**

2        Based on the foregoing reasons, the Court hereby finds that the ALJ improperly

3    concluded Plaintiff was not disabled beginning June 20, 2019. Accordingly, Defendant's

4    decision to deny benefits is reversed and this matter is remanded for further administrative

5    proceedings in accordance with the findings contained herein.

6        Dated this 8th day of January, 2024.

7

8                                                    _____

                                                     David W. Christel
9                                                    Chief United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8